UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ROY N. COOK, JEFFREY A. NATROP, PETER S. RENNER, JAMES RUDOLPH and PETER WILLIAMS,<br><br>　　　　　　　　　　Defendants. | Civil Action No. |

**PLAINTIFF SEC'S UNOPPOSED MOTION
FOR ENTRY OF CONSENT JUDGMENTS**

　　　　Plaintiff U.S. Securities and Exchange Commission ("SEC" or "Commission") hereby moves that the Court enter the Final Judgments submitted herewith. The SEC and the respective Defendants have reached a settlement of this matter, and Defendants Roy N. Cook, Jeffrey A. Natrop, Peter S. Renner, James Rudolph and Peter Williams ("Defendants"), without admitting or denying the allegations of the SEC Complaint summarized below, have consented to the entry of the Final Judgments against each of them. In support, the SEC states:

**Background**

　　　　1.　　　　On March 12, 2024, the SEC filed its Complaint against Defendants alleging insider trading in the securities of Tallgrass Energy, LP ("Tallgrass"), a Kansas-based midstream energy company. As set forth more fully in the Complaint, the trading occurred in advance of public announcements in August and December 2019 regarding an offer by Tallgrass's controlling shareholder to purchase all of Tallgrass's publicly traded shares and take the company private. In particular, the Complaint alleges that Cook, then an independent Tallgrass

director, communicated material nonpublic information about the take-private transaction to certain friends who on the basic of that information purchased Tallgrass stock and/or call options. The trades by Cook's friends—Natrop, Renner, Rudolph, and Williams—resulted in aggregate illicit profits of approximately $613,000.  The Complaint further alleges that Cook breached a duty he owed to Tallgrass and its shareholders through a purchase of Tallgrass shares made in advance of the December public announcement in a family trust, resulting in illicit profits of approximately $89,000.  In addition, the Complaint alleges that Cook failed to file the required forms with the Commission to publicly report this and other 2019 and 2020 transactions of Tallgrass stock in family trusts.

2. The SEC and each of the Defendants have now reached settlements in this case. Attached hereto as **Exhibits 1-5** are the executed Consents of Defendants.  The Consents set forth the terms of the Defendants' settlements with the Commission.

3. Attached hereto as **Exhibit 6-10** are the proposed Final Judgments to which Defendants have agreed.  The Consents of Defendants include consent to entry of the Final Judgments.

4. The proposed Final Judgments include injunctive relief, total disgorgement of $701,742, with prejudgment interest of $133,180, total civil money penalties of $1,414,684, and an officer and director bar against Cook.

## Approval of Settlement Terms

5. Approval of a settlement in an SEC enforcement case is appropriate where it is "fair and reasonable, with the additional requirement that the public interest would not be disserved, in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.,* 752 F.3d 285, 294 (2d Cir. 2014). Factors to be considered include (1) the

basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind. *Id.* at 294-95 (internal citations omitted). Given the allegations in the Complaint, which the Defendants neither admit nor deny, the relief set forth above in paragraph 4 is a fair and reasonable resolution of this matter and the officer and director bar will serve the public interest.

Here, all Defendants have consented to Final Judgments that permanently enjoin them from violating Section 10(b) of the Exchange Act, which reflects the nature of the alleged violations. In addition, Defendant Cook has consented to being enjoined from violating Section 16(a) of the Exchange Act, which reflects his alleged violation of that provision by failing to file, as a Tallgrass director, forms to disclose purchases and sales of Tallgrass stock by family trusts for which he had a reporting obligation. Finally, Cook has agreed to the imposition of an officer-and-director bar. Such injunctive and other relief against Cook reflects the nature of the alleged violations at issue and his role as an independent director of Tallgrass during the relevant period. Defendants have also agreed to disgorge their alleged ill-gotten gains and pay prejudgment interest. Moreover, the parties represent that the settlement was the product of good faith, arm's length negotiations, and the terms of the proposed Final Judgments are clear and unambiguous and fully resolve the claims in the Complaint. *Citigroup*, 752 F.3d at 295.

WHEREFORE, the SEC respectfully requests that this Court grant this Motion and enter

the proposed Final Judgments attached hereto.

Dated: March 12, 2024

Respectfully submitted,

*s/ Dean M. Conway*
Dean M. Conway
D.C. Bar No. 457433
100 F Street, N.E.
Washington, DC 20549
Phone: (202) 551-4412
Email: conwayd@sec.gov

*Attorneys for Plaintiff*
**U.S. SECURITIES AND EXCHANGE COMMISSION**